IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TOMMIE M. REYNOLDS                                                                           PLAINTIFF

v.                                          No. 4:04CV01144 JLH

UNITED STATES OF AMERICA                                                               DEFENDANT

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### FINDINGS OF FACT

This case came before the Court for trial on August 1, 2005. Plaintiff appeared in person and through her attorney, Carter C. Stein. Defendant appeared through its attorney, Assistant United States Attorney Fletcher Jackson. Both parties announced ready for trial. Based upon the testimony of the witnesses, the exhibits introduced into evidence, and a site visit to the scene of the accident, the Court finds and concludes as follows:

1. On September 15, 2001, plaintiff Tommie Reynolds was visiting a friend, Howard Wolford, at the VA Hospital at Fort Roots, North Little Rock.

2. Ms. Reynolds and Mr. Wolford were attending a picnic held in a pavilion at Fort Roots.

3. During the picnic at approximately 12:00 p.m., Ms. Reynolds went to get a napkin for Mr. Wolford. After retrieving the napkin and as she was returning to her picnic table, Ms. Reynolds tripped and fell striking the concrete floor of the pavilion with the right side of her face and right shoulder.

4. The floor of the pavilion where Ms. Reynolds was injured has concrete squares which are divided by wood stripping. The concrete squares that comprise the pavilion appear to be level.

As originally constructed, the concrete squares were built with wood slats between them. Some of those wood slats have extruded, apparently by expansion of the concrete squares during the warm season of the year. However, there was no place visible to the Court where wooden slats extruded in such a way that they would be likely to cause someone to trip and fall.

5. Although Ms. Reynolds believes that she caught her toe either in the space between the concrete squares or on a wood slat occupying space between those concrete squares, she was unable to state precisely where she was when she fell. She was unable to point to any particular object at the pavilion that could have caused her to fall. She was not sure whether there were other people standing immediately next to her when she fell, although she said that it was a large picnic with quite a few people around.

## CONCLUSIONS OF LAW

6. Under Arkansas law, a property owner has a duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of its invitees. *Smith v. Basin Park Hotel, Inc.*, 350 F.3d 810, 813 (8th Cir. 2003); *ConAgra, Inc. v. Strother*, 13 S.W.3d 150, 153 (Ark. 2000); *Kelley v. Nat'l Union Fire Ins. Co.*, 937 S.W.2d 660, 664 (Ark. 1997); *Morehart v. Dillard Dep't Stores*, 908 S.W.2d 331, 333-34 (Ark. 1995). According to RESTATEMENT (SECOND) OF TORTS § 343 (1965):

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk or harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

7.	Plaintiff has failed to prove that the VA Hospital failed to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of its invitees.

8.	Plaintiff has failed to prove by a preponderance of the evidence that the manner in which the premises were maintained proximately caused her fall.

THEREFORE, judgment will be entered in favor of the defendant.

IT IS SO ORDERED this    1st    day of August, 2005.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE